IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arnold Gilliam, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:13-cv-1575-MGL |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Frazier Industrial Co., and ) | |
| Valmont-Columbia Galvanizing, Inc., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| AND ) | |
| ) | |
| Frazier Industrial Co., and ) | |
| Valmont-Columbia Galvanizing, Inc., ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| Arnold's Transports, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant/Third-Party Plaintiff Valmont-Columbia Galvanizing, Inc. ("Valmont")'s Motion for Summary Judgment (ECF No. 39), Motion in Limine (ECF No. 57), Motion to Reallocate Frazier Settlement Funds (ECF No. 58), as well as Third-Party Defendant Arnold's Transports's ("Arnold's Transports") Motion to Dismiss the Third-Party Complaint of Valmont-Columbia Galvanizing, Inc. (ECF No. 59.)  For the reasons set forth below, the Court denies Valmont's Motion for Summary Judgment.  The Court also denies Arnold's Transports's Motion to Dismiss, Valmont's Motion to Reallocate Frazier Settlement Funds, and

Valmont's Motion in Limine without prejudice and with leave to refile.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

This matter was removed to this Court from the Court of Common Pleas for Darlington County, South Carolina on June 10, 2013 pursuant to the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (ECF No. 1.)  Plaintiff Arnold Gilliam ("Plaintiff") originally filed this negligence action against Defendant Frazier Industrial Company ("Frazier") seeking damages for injuries suffered in the process of transporting materials to Frazier's facility.   Plaintiff amended his complaint on July 2, 2013, adding Valmont as a defendant.   (ECF No. 9.)  According to the amended complaint, Plaintiff picked up a load of materials from Valmont's facility and transported the load to Frazier's facility.  Plaintiff contends that upon reaching the designated unloading point at Frazier's facility, an agent of Frazier bumped or caused vibrations which caused the load to fall, striking Plaintiff and causing significant injuries.  (ECF No. 9 at 2.)  On March 31, 2014, Valmont filed a motion for summary judgment in this action, seeking dismissal of Plaintiff's claims against Valmont. (ECF No. 39.)  Valmont filed a supplement to the motion for summary judgment on April 8, 2014, to include certain Federal Motor Carrier Safety Regulations information.  (ECF No. 40.)

On April 9, 2014, Valmont filed its answer to Plaintiff's amended complaint and brought a third-party complaint against Arnold's Transports for contribution and indemnification.  (ECF No. 43.)  Frazier also asserted a third-party complaint against Arnold's Transports in conjunction with

---

[1]Under Local Rule 7.08, "hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions may be determined without a hearing."  In this case, the Court finds that the issues have been adequately briefed by the parties and that a hearing is not necessary.

-2-

its answer to the amended complaint. (ECF No. 45.)  Plaintiff filed his opposition to Valmont's motion for summary judgment on April 17, 2014 (ECF No. 50), and Valmont filed its reply on April 23, 2014.  (ECF No. 53.)  The parties filed a stipulation of dismissal as to Plaintiff's claims against Frazier as well as Frazier's claims against Arnold's Transports on May 12, 2014.  (ECF No. 54.)  Thereafter, on June 2, 2014, Valmont filed a motion in limine seeking a ruling from this Court that Valmont may present evidence at trial that any award to Plaintiff should be reduced in part due to the negligence of Frazier.  Valmont also seeks a verdict form requiring the jury to allocate negligence among Plaintiff, Valmont, and Frazier, with the award to Plaintiff reduced by Frazier's contributory negligence.  (ECF No. 57.)  On June 2, 2014, Valmont also filed a motion asking this Court to reallocate the division of the Frazier settlement funds paid to Plaintiff and his wife, a non-party, so as to preserve its right to a setoff of any judgment rendered against Valmont by the amount of settlement proceeds paid to Plaintiff.  (ECF No. 58.) Plaintiff filed a memorandum in opposition to Valmont's motion in limine on June 18, 2014 (ECF No. 63) and a response in opposition to Valmont's motion to reallocate the Frazier settlement funds on June 19, 2014.  (ECF No. 64.)  Valmont filed its reply in support of its motion in limine and reply in support of its motion to reallocate the Frazier settlement funds on June 27, 2014 (ECF Nos. 68 & 69.)

Finally, Arnold's Transports[2] filed a motion to dismiss Valmont's third-party complaint as improper under Rule 14 of Federal Rules of Civil Procedure.  Arnold's Transports argues that Plaintiff Arnold Gilliam and Arnold's Transports, a purported sole proprietorship, are the same legal

---

[2]On June 27, 2014, Arnold's Transports, with the consent of the remaining parties, moved to amend the Third Amended Conference and Scheduling Order to allow for a meaningful opportunity for discovery in the matter on behalf of newly added party Arnold's Transports. (ECF No. 67.)

entity and that any claim asserted by Valmont for contribution and indemnification cannot exist. (ECF No. 59.) In response, Valmont argues that Arnold's Transports is a proper party with a separate identity distinct from Plaintiff and that its claims against Arnold's Transports are both ripe for adjudication and derivative in nature. (ECF No. 66.) Arnold's Transports filed a response on July 3, 2014, arguing that Valmont's claims against Arnold's Transports are in fact defenses pursued as third-party claims. (ECF No. 73 at 2.)

## STANDARDS OF REVIEW

Rule 12(b)(6)

Arnold's Transports moves to dismiss Valmont's third-party complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the third-party complaint fails to state a claim upon which relief can be granted and because Arnold's Transports is an improper party to this action. (ECF No. 59.) "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In sum, factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Summary Judgment

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v.*

*National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**DISCUSSION**

1. Valmont's Motion for Summary Judgment

Valmont argues that it is entitled to summary judgment based on the Fourth Circuit case *United States v. Savage Truck Line, Inc.*, 209 F.2d 442 (4th Cir.1953) which sets forth the obligations of shippers and carriers. Valmont argues that the evidence in the record demonstrates that there were no problems with the manner in which Valmont's agents loaded the cargo onto the trailer and that there were no latent or concealed defects which contributed to the accident which led to Plaintiff's injuries. Plaintiff argues against the applicability of the test set forth in *Savage* and maintains that a genuine issue of material fact exists as to the existence of a "loading defect," which would trigger an exception under *Savage*. (ECF No. 50 at 7.) Having reviewed and considered the arguments of the parties and the record in this case, the Court denies Valmont's motion for summary judgment. Taking the evidence submitted by both parties in a light most favorable to Plaintiff, the Court concludes that genuine issues of material fact remain concerning the loading of the trailer and

Plaintiff's carrier status which preclude summary judgment at this time. At this stage it is not the Court's function to weigh the evidence but rather to determine only "whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Accordingly, summary judgment is precluded and Valmont's motion must be denied.

2. Arnold's Transports Motion to Dismiss

Arnold's Transports moves pursuant to Rule 12(b)(6) to dismiss Valmont's third-party complaint and argues that Valmont's claims for contribution and indemnification are improper as defensive in nature, and fail as a matter of law. Accepting all well-pleaded allegations in the third-party complaint as true, and drawing all reasonable factual inferences from those facts in Valmont's favor, the Court must deny the motion to dismiss. At this stage of the litigation, it is premature to decide that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Arnold's Transports asserts that Plaintiff Arnold Gilliam and Arnold's Transports are "one in the same" based on Plaintiff's understanding of the relevant business operations and an insurance policy that insures both Plaintiff and Arnold's Transports. (ECF No. 59 at 6.) But there is simply not enough evidence in the record as to the corporate and business relationship between Arnold's Transports and Plaintiff to justify the relief sought. In fact, Arnold's Transports was recently granted relief from the Third Amended Conference and Scheduling Order in order to develop a meaningful defense and to pursue additional discovery on behalf of the interests of Arnold's Transports. This discovery may have some bearing on the issues presented in the motion to dismiss. Accordingly, Arnold's Transports's motion to dismiss is DENIED without prejudice and with leave to refile. This ruling, however, should not be viewed as a finding that Valmont's claims against

Arnold's Transports are properly asserted and derivative in nature—the record is simply not sufficiently developed on the point to make a determination at this time as a matter of law. [3]

3. Valmont's Motion in Limine and Motion to Reallocate Frazier Settlement Funds

Valmont's motion in limine and motion to reallocate Frazier Settlement Funds stem from Plaintiff's settlement with Frazier. Valmont seeks to allocate fault among the parties and to equitably allocate settlement funds received by Plaintiff and his wife from Frazier to increase Valmont's right to a set off of any judgment rendered against Valmont. Having considered the entire record, the Court concludes that the allocation of settlement funds and fault are issues which the Court must address in view of the entirety of the case and are thus, more appropriately addressed closer to or at trial. Such a ruling at this juncture would be premature given the procedural posture of this case. Thus, Valmont's motions in limine and to reallocate the Frazier Settlement Funds are denied without prejudice and with leave to refile in accordance with the operative scheduling order.

## CONCLUSION

For the reasons set forth above, the Court DENIES Valmont's Motion for Summary Judgment. (ECF No. 39.) The Court also DENIES Arnold's Transports's Motion to Dismiss (ECF No. 59), Valmont's Motion to Reallocate Frazier Settlement Funds (ECF No. 58), and Valmont's Motion in Limine (ECF No. 57) without prejudice and with leave to refile.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 22, 2014

---

[3] To the extent Arnold's Transports is asking this Court to strike the third-party claim pursuant to Federal Rule of Civil Procedure 14(a)(4), this request is denied at this time for the same reasons the Court declines to grant Arnold's Transports's Motion to Dismiss.